UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **Christine Schnier** | : | |
| **103 Harvard Place** | : | |
| **Southgate, Kentucky 41071** | : | |
| | : | |
| **Plaintiff** | : | **CASE NO.** _____ |
| | : | |
| -vs- | : | |
| | : | **JUDGE** _____ |
| **Transitions, Inc., Grateful Life Center** | : | |
| **700 Fairfield Avenue** | : | |
| **Bellevue, Kentucky 41073** | : | |
| | : | |
| and | : | |
| | : | |
| **William Weathers** | : | |
| **C/o Transitions, Inc., Grateful Life Center** | : | |
| **700 Fairfield Avenue** | : | |
| **Bellevue, Kentucky 41073** | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Christine Schnier, brings this complaint against Defendant, Transitions, Inc., Grateful Life Center. To the best of her information and belief, Ms. Schnier alleges as follows:

**I.  PRELIMINARY STATEMENT**

1.  Plaintiff, Christine Schnier, files this cause alleging that Defendant, Transitions, Inc., Grateful Life Center, denied her rights based on the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207 *et seq.*, and the Kentucky, Labor and Human Rights statute, K.R.S. § 337.285. Ms. Schnier's claim is based on the overtime provision of those statutes, which provide that employers must pay their employees one and one-half their normal hourly wage for work in excess of forty

hours per week.

2. Ms. Schnier seeks all damages provided by the those statutes, including compensatory damages, punitive damages, liquidated damages, costs, and reasonable attorney's fees.

## II.   JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 207 *et seq.* (FLSA).

4. The Court has jurisdiction over Ms. Schnier's state claim, based on 28 U.S.C. § 1367 and K.R.S. § 337.285.

5. All of the actions complained of herein occurred within the eastern district of Kentucky; venue, accordingly, is proper with this Court.

## III.   PARTIES

6. Plaintiff, Christine Schnier, is a Kentucky resident. She currently lives at 103 Harvard Place, Southgate, Kentucky 41071. Ms. Schnier worked at Transitions Inc., Grateful Life Center from February 2009 until June 2009.

7. Defendant, Transitions, Inc., is a nonprofit corporation with its principal place of business at 700 Fairfield Avenue, Bellevue, Kentucky 41073. Transitions Inc. has multiple facilities in Northern Kentucky. One of those facilities is the Grateful Life Center. The Grateful Life facility is designed to help men recover from patterns of substance abuse, violence, crime, and poverty. During the time that Ms. Schnier worked at Grateful Life, she reported to William Weathers. Mr. Weathers was the director of the facility. Transitions, Inc., Grateful Life Center is an "employer" within the meaning of the United States and Kentucky overtime statutes.

8. Defendant, William Weathers, was the director of the Grateful Life facility. Mr. Weathers

was involved in the day-to-day operation of Grateful Life and he had direct responsibility for the supervision of Ms. Schnier.  Mr. Weathers had the power to hire and fire employees, he supervised and controlled employee work schedules and conditions of employment, he determined the rate and method of payment for employees, and he maintained employment records.  Mr. Weathers is an "employer" within the meaning of United States and Kentucky statutes.

## IV.   STATEMENT OF CLAIMS

9. Plaintiff, Christine Schnier worked at Transitions Grateful Life Center from February 2009 until June 2009.

10. During the time that Ms. Schnier worked at Transitions, she was given the title of supervisor.

11. Despite her supervisor title, Ms. Schnier did not have any supervisory responsibility.

12. Ms. Schnier did not have authority to make management policies, carry out major operations at Transitions, perform work that affected Transitions in a substantial degree, commit Transitions in matters of significant financial impact, have authority to deviate from established policies and procedures, bind Transitions on significant matters, give management expert advice, plan business objectives, investigate and resolve significant matters, and/or represent Transitions in handling disputes.

13. Instead of those types of administrative responsibilities, Ms. Schnier was responsible for taking calls from prospective clients, writing down clients' answers to questions on checklists, scheduling clients to come to the center, getting IDs and social security numbers, explaining rules, and dealing with client problems.

14. On different pay periods, Transitions required Ms. Schnier to work more than forty hours a week.

15.     Transitions did not pay Ms. Schnier time and a half for the extra work. Instead, Transitions had an informal method of designating "comp time."

16.     According to that method, Weathers and others instructed employees to always report a total of eighty hours for every two-week period. That meant, for example, that if an employee worked forty-two hours in one week, they were supposed to mark thirty-eight hours on their time sheets the next week.

17.     Even if Ms. Schnier worked more than eighty hours, Transitions did not pay Ms. Schnier overtime for the two-week period.

18.     Weathers told her that she could not mark down more than eighty hours in a two-week period, even if she worked more time than eighty hours.

19.     All of these facts establish that Transitions, Grateful Life is liable to Ms. Schnier for violations of federal and state overtime statutes.

20.     Defendant's conduct was negligent, reckless, willful, wanton, and/or intentional.

### COUNT ONE

21.     Plaintiff incorporates by reference paragraphs 1 through 20 as if written herein.

22.     Defendants' actions constitute violations of FLSA, 29 U.S.C. §§ 207 *et seq.*

### COUNT TWO

23.     Plaintiff incorporates by reference paragraphs 1 through 22 as if written herein.

24.     Defendants' actions constitute a violation of the Kentucky, Labor and Human Rights statute, K.R.S. § 337.285.

### V.     DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, Transitions, Inc., Grateful

Life Center and William Weathers, as follows:

1. An order granting compensatory damages for all current and future economic and noneconomic damages;

2. Statutory damages, including liquidated damages;

3. An order granting Plaintiff's costs and attorney's fees;

4. An order for all other legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

| | |
|---|---|
| s/Ted L. Wills | s/Neil Roth |
| TED L. WILLS (Ohio Bar No. 0059473) | NEIL ROTH (Ky. Bar No. 60203) |
| Trial Attorney | Crowley, Ahlers & Roth, Co., L.P.A. |
| 414 Walnut Street, Suite 707 | Local Counsel |
| Cincinnati, Ohio 45202-3913 | 414 Walnut Street, Suite 707 |
| Telephone (513) 721-5707 | Cincinnati, Ohio 45202-3913 |
| Facsimile (513) 621-8430 | Telephone (513) 621-1652 |
| E-mail TedLWills@aol.com | Facsimile (513) 621-8430 |
| | E-mail nroth@ohio-comp.com |

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands that all issues of fact in the foregoing Complaint be tried to a jury.

s/Ted L. Wills
TED L. WILLS

c:\tlw\Schnier\pleading\complaint